UNITED STATES of America,
Plaintiff–Appellee,

v.

Clemetra PINCKNEY, a/k/a Cleve,
Defendant–Appellant.

No. 90–5776.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 11, 1991.

Decided July 11, 1991.

John Herman Hare, Asst. Federal Public Defender, argued Columbia, S.C., for defendant-appellant.

Dale L. DuTremble, Asst. U.S. Atty., Charleston, S.C., argued (E. Bart Daniel,

U.S. Atty., Charleston, S.C., on brief), for plaintiff-appellee.

Before ERVIN, Chief Judge, NIEMEYER, Circuit Judge, and YOUNG, Senior District Judge, for the District of Maryland, sitting by designation.

## OPINION

NIEMEYER, Circuit Judge:

Clemetra (or Cleve) Pinckney pled guilty to conspiracy to possess with intent to distribute heroin, cocaine and crack cocaine, in violation of 21 U.S.C. §§ 841(a) and 846, and was sentenced as a career offender to 292 months imprisonment. On appeal he contends 1) that the district court erroneously concluded that it could not depart downward from a career offender status and 2) that he was not a career offender because one of the two antecedent felonies was in fact a misdemeanor as classified by South Carolina law. He argues that the definition of felony applied to him under U.S.S.G. § 4B1.2 is not authorized by the enabling statute.

For the reasons that follow, we conclude that the definition of "felony" contained in the Sentencing Guidelines was properly adopted and that Pinckney was properly classified as a career offender. However, we remand the case for re-sentencing to permit the court to exercise its discretion on the issue of whether to depart downward in accordance with U.S.S.G. § 4A1.3.

## I

At sentencing, Pinckney's counsel urged the court to depart downward on the ground that a career offender status overstates his criminal history. He argued that the two antecedent offenses which qualified him for career offender status involved small amounts of controlled substances— between one and two ounces of marijuana with respect to one conviction and two grams of cocaine with respect to the other. In response, the government pointed out that Pinckney's two prior felonies made him a career offender, and the court could not depart downward because it was not confronted with a circumstance not adequately considered by the Sentencing Commission.

The district court observed that it could depart downward if mitigating factors not considered by the Sentencing Commission justified a downward departure. It concluded, however, that the Sentencing Commission expressly considered the weight of two prior felony convictions and determined that career offender status must follow. In denying the motion for a downward departure, the court stated:

> There's no basis upon which I can conclude that the Sentencing Commission did not adequately take into consideration the amounts involved in your client's prior offenses.
>
> There's nothing in the language of the Guidelines, there's nothing in the considerable amount of literature that has now come forth.
>
> You make an interesting argument, innovative though it may be. And it may be that you will be able to convince the Court of Appeals.

J.A.17. The district court apparently concluded that it did not have the power to consider a downward departure once the criteria for career offender status had been satisfied.

■ We are thus presented with the question of whether a sentencing court may depart downward under U.S.S.G. § 4A1.3 from a career offender status if the sentencing court concludes that the career offender status over-represents the defendant's criminal history.

In the Sentencing Reform Act of 1984, Congress mandated that a defendant who is convicted of a crime of violence or a crime involving drug distribution be sentenced "at or near the maximum term authorized" if the defendant is 18 years old or older and "has previously been convicted of two or more prior felonies, each of which is (A) a crime of violence; or (B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841)...." 28 U.S.C. § 994(h). The Act also directs that the Sentencing Commission describe "what should be considered extraordinary and

compelling reasons for sentence reduction, including the criteria to be applied and the list of specific examples." 28 U.S.C. § 994(t).

Section 4B1.1 of the Sentencing Guidelines implements Congress's direction by providing a special method of sentencing a defendant who satisfies the criteria defined in the statute as a "career offender." That section provides in part that a "career offender's criminal history category in every case shall be Category VI." Thus, a defendant, who is at least 18 years old and has two prior felony convictions for a crime of violence or a violation of the Controlled Substances Act must receive a criminal history category of VI.

Typically, when a criminal history category over-represents the defendant's criminal history, the court is authorized to adjust the criminal history category by a departure pursuant to U.S.S.G. § 4A1.3, which provides in relevant part:

> There may be cases where the court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes.... The court may conclude that the defendant's criminal history was significantly less serious than that of most defendants in the same criminal history category ... and therefore consider a downward departure from the guidelines.

The departure authorized by § 4A1.3 for evaluating past criminal conduct is not to be confused with a departure under U.S.S.G. § 5K2.0 which is based on circumstances of the crime for which sentence is being imposed. Whereas a § 5K2.0 departure is authorized when the court finds that there "exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission," 18 U.S.C. § 3553(b), the departure under § 4A1.3 is specifically authorized by the Sentencing Guidelines whenever the computed criminal history "significantly under-represents" or "significantly over-represents" the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes.

The district court here assumed, however, that when a defendant qualifies as a career offender, not only does he receive a criminal history category of VI, but he also must be sentenced at that level notwithstanding the flexibility granted by § 4A1.3. The court read § 4B1.1 as an exception to the general instructions provided by § 4A1.3. Stated otherwise, the district court concluded that § 4A1.3 did not apply to § 4B1.1. Since the date when the district court made its ruling, we have held that the general instructions given in § 4A1.3 for adjusting a criminal history category apply to a career offender status. *See United States v. Adkins*, 937 F.2d 947 (4th Cir.1991) (" '[c]areer offender' is a type of, not an alternative to, criminal history," and the flexibility authorized by § 4A1.3 applies to career offender status, as it does to other criminal history categories). Although a downward departure from career offender status is permitted under § 4A1.3, such departures "are reserved for the truly unusual case." *Id.* at 952.

Because the district court concluded that it did not have the discretion to depart as authorized by § 4A1.3, we remand for resentencing to permit the court to consider the arguments raised by Pinckney. By ordering a remand, however, we make no suggestion that the court should be disposed to find one particular way or that the outcome should be any different. The sentencing function is properly committed to the judgment of the district court.

## II

Pinckney argues alternatively for the first time on appeal that one of the antecedent offenses which formed the basis of the finding that he was a career offender was not a felony. South Carolina law classified his 1984 offense as a misdemeanor. While he agrees that the Sentencing Guidelines define both of his prior offenses as felonies, he argues that the definition of a felony given in the Sentencing Guidelines is not authorized by Congress because the

Sentencing Reform Act is silent on a definition. He urges that the ambiguity should be resolved in his favor under the rule of lenity. *See Bifulco v. United States*, 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980); *Ladner v. United States*, 358 U.S. 169, 178, 79 S.Ct. 209, 214, 3 L.Ed.2d 199 (1958).

Ordinarily, we would not consider this issue because Pinckney did not raise it below and has pointed to no exceptional circumstances why it should be considered now. *See United States v. One 1971 Mercedes Benz*, 542 F.2d 912, 915 (4th Cir. 1976); *see also United States v. Gravely*, 840 F.2d 1156, 1164 (4th Cir.1988). However, because the case is to be remanded, it is in the interest of judicial economy to decide this issue.

■ To be a career offender under the Sentencing Guidelines, a defendant must have been convicted of two prior *felonies*. 28 U.S.C. § 994(h); U.S.S.G. § 4B1.1. A prior felony conviction is defined in the application notes to U.S.S.G. § 4B1.2, as "a prior adult federal *or state conviction* for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." (Emphasis added.) Although that definition of a felony conviction for state offenses is not derived from the underlying statute, it is consistent with the statutory definition of felony used in classifying federal criminal offenses. The Sentencing Reform Act defines federal offenses as felonies when the maximum term of imprisonment is "more than one year." *See* 18 U.S.C. § 3559(a); *see also* 18 U.S.C. § 3156(a)(3). In classifying state offenses in the same manner that federal offenses are classified the Sentencing Commission adopted a definition which allows for consistent application of the law. In doing so, it acted properly within the authorization given to it to adopt guidelines "consistent with all pertinent provisions of [title 28] and title 18, United States Code...." 28 U.S.C. § 994(a). We conclude that in adopting the Title 18 definition of a felony in the application notes to

U.S.S.G. § 4B1.2, the Sentencing Commission acted fairly, reasonably, and well within its authority.

■ Pinckney was convicted in South Carolina in 1984 for possessing marijuana with intent to distribute and in 1985 for distributing cocaine (on two separate indictments). He was over 18 at the time of the first offense. Although the 1984 offense is classified under South Carolina law as a misdemeanor, *see* S.C.Code Ann. § 44–53–370(b)(2) and § 16–1–10 (Law.Co-op.1990), the maximum penalty provided by South Carolina law is five years. Because that offense is considered a felony under the Sentencing Guidelines, the district court properly classified Pinckney as a career offender.

Nevertheless, to permit the district court to consider whether the career offender status of Pinckney over-represents his criminal history and to afford it the discretion to depart downward if it finds that a departure is appropriate in accordance with the principles given in U.S.S.G. § 4A1.3, we remand this case for resentencing.

IT IS SO ORDERED.