962 F.2d 7
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Michael Leroy BARNES, Defendant-Appellant.
 No. 91-5148.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 10, 1992
Decided: May 7, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CR-90-72-K)
 James J. Gitomer, Baltimore, Maryland, for Appellant.
 Richard Bennett, United States Attorney, Robert R. Harding, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Michael Leroy Barnes pled guilty to possession of heroin with intent to distribute in violation of 21 U.S.C. § 841 (1988). He appeals the sentence he received on the grounds that the district court improperly considered a prior New Jersey conviction in finding him a career offender under U.S.S.G. § 4B1.1 and erroneously believed it could not depart below the career offender guideline range. We affirm.
 
 
 2
 Barnes contended in the district court that his 1986 New Jersey conviction for possession with intent to distribute heroin was constitutionally invalid because the judge who accepted his plea did not personally inform him that he was waiving his rights against compulsory self-incrimination, to confront witnesses against him, and to a trial by jury. After an extensive inquiry, the district court determined that, in completing the plea agreement form, Barnes responded"yes" to questions specifically asking whether he understood that he was waiving his rights to a jury trial, to remain silent, and to confront the witnesses against him. We agree with the district court's holding that Barnes was adequately informed about the waiver of these rights, and that the record overall discloses that his decision to plead guilty was an informed and voluntary one. See Wade v. Coiner, 468 F.2d 1059 (4th Cir. 1972) (state defendant need not be informed of each right waived by guilty plea).
 
 
 3
 When asked to depart by reducing the criminal history category, the district court stated:
 
 
 4
 [N]umber one, I don't think the Court has the authority to do what you are asking the Court to do; and second, if the Court does have the authority, and assuming the Court has it, the Court would not be about to exercise it.
 
 
 5
 A failure to depart is not normally reviewable. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S. 1990). However, if the district court erroneously believes it lacks authority to depart, resentencing may be required to allow the court to consider whether a departure is warranted. United States v. Wilson, 896 F.2d 856 (4th Cir. 1990). Since the date of Barnes's sentence this Court has held that the sentencing court may depart downward if career offender status overstates the defendant's criminal record. See United States v. Pinckney, 938 F.2d 519 (4th Cir. 1991); United States v. Adkins, 937 F.2d 947 (4th Cir. 1991). But because in sentencing Barnes the district court stated that it would not depart even assuming it had the authority, there is no need for a remand in this case.
 
 
 6
 The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED