966 F.2d 1445
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Donald Eugene JOHNSON, Defendant-Appellant.
 No. 91-5825.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 10, 1992
Decided: June 10, 1992
 
 John H. Hare, Federal Public Defender's Office, Columbia, South Carolina, for Appellant.
 E. Bart Daniel, United States Attorney, Alfred William Walker Bethea, Assistant United States Attorney, Florence, South Carolina, for Appellee.
 Before PHILLIPS, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Donald Eugene Johnson appeals his sentence imposed after remand,[1] which was ordered to allow the district court to consider the validity of a state court conviction used to calculate Johnson's career offender status under the sentencing guidelines. In this appeal, Johnson challenges the district court's findings with respect to that issue and raises several other claims. We find no merit in any aspect of this appeal, and therefore affirm.
 
 
 2
 Johnson and his codefendant were convicted in 1988 for armed bank robbery and use of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 2113(d) (1988) and 18 U.S.C.A. § 924(c) (West Supp. 1991). At the sentencing hearing, Defendants presented a claim under United States Sentencing Commission, Guidelines Manual, § 4A1.2, comment. (n.6) (Oct. 1989), which states that "[c]onvictions which the defendant shows to have been constitutionally invalid may not be counted in the criminal history score." Specifically, Johnson claimed that a 1983 New York state conviction named in his presentence report resulted from an involuntary guilty plea and was therefore invalid for the purposes of U.S.S.G. § 4B1.1. The district court sentenced both Defendants as career offenders under U.S.S.G. § 4B1.1, based, in part, on the New York state convictions and its belief that it lacked the authority to entertain collateral challenges to the constitutionality of those convictions.
 
 
 3
 This Court affirmed the federal convictions but remanded for the district court to consider the validity of the state court convictions for purposes of sentencing. On remand, Johnson presented evidence challenging the constitutionality of the state court plea. The district court found that the New York conviction was valid, and resentenced Johnson to the minimum sentence of 262 months instead of the 270 months Johnson originally received on count one. This appeal followed.[2]
 
 
 4
 Johnson attempted to establish the constitutional infirmity of his prior guilty plea in state court by offering evidence to show that he was misinformed by his counsel as to the maximum sentence he faced if the case went to trial. Johnson testified that his court-appointed attorney, Carlos Jenkins, advised him that he would face a sentence of twenty-five years to life imprisonment if found guilty. The plea agreement subjected him to six to twelve years imprisonment. There is no dispute that the attorney advised Johnson that the evidence against him was strong.
 
 
 5
 Johnson's sister, Patricia Redmon, testified that her brother told her in several telephone conversations that he had been told by his attorney that he faced life imprisonment. The Government offered the testimony of Jenkins. Relying on his case notes and his past practice in representing criminal defendants, he stated that he did not discuss a possibility of life imprisonment. He also stated that he told Johnson throughout the proceedings that he faced a maximum sentence of twenty-five years.
 
 
 6
 Transcripts of the state court proceedings were also introduced. They reveal a colloquy between Johnson and the state court judge at the plea hearing wherein the judge advised Johnson that the maximum sentence he faced if he went to trial was twenty-five years and that, under the plea agreement, the judge would only consider a sentence of six to twelve years.
 
 
 7
 Based on this evidence, the district court's conclusion that the state court plea was lawfully obtained was not clearly erroneous. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989) (standard of review for district court's factual findings). Therefore, the New York conviction was properly used to determine that Johnson was a career offender under the sentencing guidelines and we affirm the sentence.
 
 
 8
 One other issue is raised in the Anders brief: whether the sentence imposed resulted from an incorrect application of the sentencing guidelines because the court did not understand its authority to depart from the career offender range of the sentencing guidelines. This Court has held that a district court does have authority to depart downward where the career offender status overstates the seriousness of the defendant's past conduct. United States v. Pinckney, 938 F.2d 519 (4th Cir. 1991); United States v. Adkins, 937 F.2d 947 (4th Cir. 1991).[3]
 
 
 9
 Johnson failed to raise this claim in his first appeal of his sentence and conviction. In fact, Johnson made no argument at the original sentencing hearing that his criminal history did not justify career offender status, other than to contest the one state court conviction. Johnson's challenge to the validity of one prior state conviction being counted toward the career offender status is an issue separate from whether the career offender status overstates the seriousness of the past criminal conduct. The findings that Johnson met the requirements for career offender status in both the original and the amended sentences were based on the same prior criminal convictions; including the New York sentence for which the case was remanded, one other conviction for bank robbery, one prior conviction for forgery, and two for burglary. The past criminal conduct was equally serious when the first sentence was given as it was on resentencing. No new facts became known to Johnson after resentencing which precluded him from raising this issue in the direct appeal.
 
 
 10
 Even if the issue is properly raised in this appeal, we find no indication in the record that the district court misunderstood its authority to depart in Adkins-type situations. The only reservations it expressed regarding imposing a sentence in accordance with the sentencing guidelines was with regard to the judge's impression of Johnson as a person. By contrast, in both Adkins and Pinckney there was reason to believe the district court misinterpreted its authority. Moreover, unlike Adkins and Pinckney, which involved challenges to the use of misdemeanors under state law counting toward career offender status under the guidelines, Johnson's convictions were indisputably serious felonies. We are of the view that this case is clearly not one of the "atypical" or "truly unusual" cases to which Adkins was meant to apply. Adkins, 937 F.2d at 952.
 
 
 11
 Johnson raises three additional claims in his brief, all of which are without merit. First, he claims that he was denied compulsory process for obtaining witnesses in violation of the Fifth and Sixth Amendments, because the Government "declared" Jenkins as its witness. In addition, Johnson filed a pro se motion to subpoena Gerald J. McMahon, the attorney who represented Johnson after Jenkins withdrew as counsel. Johnson contends that the court disregarded his request and there is no order in the record addressing it. Johnson's counsel advised the district court after filing this motion that only Johnson himself would testify at the resentencing hearing. Under these circumstances, the district court cannot be faulted for failing to address the motion. Nevertheless, assuming the motion was properly presented, there was no error.
 
 
 12
 According to Fed. R. Crim. P. 17(b), a district court "shall" order that a subpoena be issued upon a showing by a criminal defendant that "the presence of the witness is necessary to an adequate defense." Notwithstanding the language of the rule, discretion remains with the district court. See, e.g., United States v. Webster, 750 F.2d 307, 32930 (5th Cir. 1984), cert. denied, 471 U.S. 1106 (1985) (where defendant failed to make showing that witness necessary to adequate defense, district court had discretion whether to issue all subpoenas requested). Johnson's motion, which only states that McMahon is a "material witness" is insufficient to establish that McMahon was necessary to an adequate defense. See United States v. Le Amous, 754 F.2d 795, 798 (8th Cir.), cert. denied, 471 U.S. 1139 (1985). Moreover, assuming Johnson did make the proper showing, based on the unlikeliness of McMahon having personal knowledge of Jenkins's representations to Johnson, we do not believe the district court abused its discretion in refusing to grant the motion to subpoena him.
 
 
 13
 Second, Johnson contends it was error for the district court not to sequester Jenkins during Johnson's testimony. Johnson claims that he was prejudiced because Jenkins could then "tailor his testimony to enhance the government's case." Although a district court must order a witness excluded from the courtroom when such request is made by a party, see Fed. R. Evid. 615, no such request was made in this case. Moreover, Johnson has not shown prejudice resulting from Jenkins's presence during Johnson's testimony.
 
 
 14
 Third, Johnson claims that he was twice put in jeopardy for the same offense, in violation of the Fifth Amendment. However, this claim does not pertain to the subject at issue on remand and it was not raised in the original direct appeal. Therefore, it is not properly before this Court. Even if the claim was properly presented, it provides no ground for relief. Johnson contends that the enhanced penalty provision of 18 U.S.C.A. § 924(c) (West Supp. 1991) subjected him to punishment for the same crime for which he was punished under 18 U.S.C. § 2113(d) (1988). We rejected this claim in United States v. Shavers, 820 F.2d 1375, 1377 (4th Cir. 1987), where we held that double jeopardy concerns are not implicated where a defendant is convicted under both § 924(c) and § 2113(d). Thus, this claim has no merit.
 
 
 15
 In accordance with the requirement of Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. § 3006A), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 16
 For the reasons stated, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 This Court's opinion remanding the case to the district court for resentencing is reported at United States v. Jones, 907 F.2d 456 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3461 (U.S. 1991)
 
 
 [2]
 Counsel submitted a brief in compliance with Anders v. California, 386 U.S. 738 (1967). Johnson was notified of his right to raise any additional issues and subsequently filed a brief on his own behalf
 
 
 [3]
 No specific request was made for this type of downward departure at sentencing. However, Johnson stated at the hearing on remand that his criminal history did not "really consist of a great number of wrongs," which may be interpreted as making such a request. Moreover, the failure to explicitly move for downward departure is not necessarily fatal to the claim. See Adkins, 937 F.2d at 951 n.3