USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1982 UNITED STATES, Appellee, v. EARL PERSON, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge] __________________________ ____________________ Before Cyr and Boudin, Circuit Judges, ______________ and Burns,* Senior District Judge. _____________________ ____________________ James A. Ruggiero on brief for appellant. _________________ Lincoln C. Almond, United States Attorney, Margaret E. Curran, __________________ ___________________ Assistant United States Attorney, Kenneth P. Madden, Assistant United _________________ States Attorney, and Lawrence D. Gaynor, Assistant United States ___________________ Attorney, on brief for appellee. ____________________ June 8, 1993 ____________________ _____________________ *Of the District of Oregon, sitting by designation. Per Curiam. Defendant Person was convicted by a Per Curiam ___ ______ jury on one count of conspiracy to distribute cocaine and two counts of distribution of cocaine. Person appeals the district court's denial of his request to change attorneys and the court's failure to depart downward from the career offender sentencing guideline range. Substitution of counsel. _______________________ On March 16, 1992, the court impaneled ten jurors;1 impanelment was continued when the jury pool was exhausted. At some point during the proceeding, Person informed the court he wanted to retain private counsel.2 Impanelment was continued to April 2, 1992, the day of trial. On the day of trial,3 Person informed the court his family could not afford to pay an attorney and requested a ____________________ 1Although no transcript of the March 16 proceeding was submitted to this panel, these facts were summarized to the district court by Person as reflected in the transcript of the proceedings held April 2, 1992, and by the parties in their respective briefs. The parties do not dispute these facts. 2Neither the parties nor the transcript of April 2 indicate whether Person made specific complaints about his court- appointed counsel during the March 16 proceeding. 3Although the transcript is murky on the exact sequence of events April 2, Person's request to substitute counsel occurred either immediately prior to, during, or following the completion of jury impanelment on the day of trial. -2- 2 change of counsel because of statements purportedly made by Thomas Grasso, Person's court-appointed attorney, after the March 16 proceeding. At the same time, Grasso moved to withdraw on the ground that his relationship with his client was antagonistic.4 Person contends the court denied his request to change counsel without adequate inquiry. The Sixth Amendment to the United States Constitution guarantees assistance of counsel to a person accused of criminal conduct. See Gideon v. Wainwright, 372 ___ ____________________ U.S. 335, 342-45 (1963). The purpose of providing, when necessary, court-appointed counsel is to ensure criminal defendants receive a fair trial. Strickland v. Washington, ________________________ 466 U.S. 668, 689 (1984). As this court has noted before, an accused has a right to be represented by counsel; he does not, however, have a right "to demand a different appointed lawyer except for good cause." United States v. Allen, 789 ______________________ F.2d 90, 92 (1st Cir.), cert. denied, 479 U.S. 846 (1986). _____ ______ See also United States v. Richardson, 894 F.2d 492, 496 (1st ___ ____ ___________________________ Cir. 1990) ("The right of an accused to counsel of his choice ... is not absolute"). "[T]he appropriate inquiry focuses on the adversarial process, not on the accused's ____________________ 4Grasso stated he was "renewing" his motion to withdraw as counsel for defendant. Again, the record does not reflect his first motion, but the parties do not dispute this fact. -3- 3 relationship with his lawyer as such." Wheat v. United ________________ States, 486 U.S. 153, 159 (1988) (quoting United States v. ______ ________________ Cronic, 466 U.S. 648, 657 n.21 (1984)). ______ We review the district court's denial of a request for substitution of court-appointed counsel for abuse of discretion. Richardson, 894 F.2d at 496. __________ In evaluating a district court's denial of a request for substitution of counsel, we consider the timeliness of the request, whether the district court adequately inquired into the complaint, and whether the attorney-client conflict was great enough to prevent an adequate defense. Allen, 789 F.2d at 92. The record _____ reflects Person's request occurred the day trial was to begin (in other words, in an untimely fashion at the eleventh hour); Person had adequate opportunity to persuade the district court that Person's complaints about his attorney constituted good cause for substitution of counsel;5 and the district court appropriately determined the conflict between Person and his attorney was not great enough to prevent an adequate defense. After considering ____________________ 5We note Person did not complain that Grasso was unprepared for trial and that Grasso presented the court with additional voir dire questions, indicating some degree of preparation. -4- 4 each of these factors, we find the district court did not abuse its discretion when it denied Person's request to change court-appointed counsel. Downward departure from career offender guideline __________________________________________________ range. _____ Before sentencing, the court directed counsel to brief the issue of whether the court had the authority to depart downward from the sentencing guideline range if defendant were a career offender. Person contends the court incorrectly concluded it did not have the authority to depart downward and, as a result, sentenced Person within the career offender guideline range. We do not agree with Person's contention. A sentencing court's decision not to depart downward is ordinarily unappealable, United States v. __________________ Tardiff, 969 F.2d 1283, 1290 (1st Cir. 1992), unless the _______ decision is based on a "mistaken view that it lacks the legal authority to consider a departure." United States v. ________________ Romolo, 937 F.2d 20, 22 (1st Cir. 1991). ______ At sentencing, the district court found Person to be a career offender. Although the First Circuit has not directly addressed whether a court may depart downward when sentencing a career offender, the district court noted those -5- 5 courts that have departed downward from the career offender guideline range primarily "did so when they found ... the career offender status over-represented the defendant's criminal history." See, e.g., United States v. Beckham, 968 ___ ____ ________________________ F.2d 47, 54 (D.C.Cir. 1992); United States v. Bowser, 941 ________________________ F.2d 1019, 1023-24 (10th Cir. 1991); United States v. __________________ Pinckney, 938 F.2d 519, 521 (4th Cir. 1991); United States ________ ______________ v. Lawrence, 916 F.2d 553, 554-55 (9th Cir. 1990). See ____________ ___ generally United States Sentencing Guidelines 4A1.3 _________ (Policy Statement). After careful consideration of Person's criminal history and the circumstances of his criminal conduct, the district court concluded it would not depart downward in this instance. We find the district court did not sentence Person within the career offender guideline range based on an erroneous determination that it lacked authority to consider a downward departure. The court did not hold that it could not (i.e., lacked legal authority) to depart downward, but rather found and held that it would not. The district court's decision not to depart downward -6- 6 is, therefore, unappealable. See United States v. Tardiff, ___ ________________________ 969 F.2d at 1290. Based on the foregoing, the judgment of the district court is Affirmed. ________ -7- 7