19 F.3d 13
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rubin Benjamin SNIPES, Defendant-Appellant.
 No. 92-5370.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 10, 1993.
Decided March 1, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Sr., District Judge.
 Patrick L. Brown, Cincinnati, Ohio, for appellant.
 Sandra Jane Hairston, Assistant United States Attorney, Greensboro, N.C., for appellee.
 On Brief Benjamin H. White, Jr., United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Rubin Benjamin Snipes pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1) (1988), and carrying and using a firearm during the commission of a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c)(1) (1988). Snipes appeals, claiming that (1) the district court failed to properly inform him of the applicable minimum and maximum sentences before accepting his guilty plea; (2) the Government violated the plea agreement by failing to advise the district court of the nature and extent of his cooperation; and (3) the district court erred by failing to permit him to withdraw his guilty plea.[1] Finding no error, we affirm.
 
 I.
 
 2
 In 1991, a joint investigation was launched by the Granville and Warren County Sheriff's Departments, the North Carolina State Bureau of Investigation, and the Federal Bureau of Alcohol, Tobacco and Firearms, into the suspected drug dealings of Rubin Benjamin Snipes. Undercover agents arranged to purchase a kilogram of cocaine from Snipes for $30,000. The transaction took place on October 18, 1991, at a warehouse in Roxboro, North Carolina. After receiving the cocaine, the agents identified themselves and attempted to arrest Snipes, but he fled the scene. He was quickly apprehended and a search incident to his arrest disclosed a gun.
 
 
 3
 Snipes was charged in a three-count indictment by a federal grand jury on December 30, 1991. Count one alleged possession with intent to distribute cocaine in violation of 21 U.S.C.Sec. 841(a)(1) (1988); count two alleged carrying and using a firearm during the commission of a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c)(1) (1988); and count three alleged possession of a firearm by a convicted felon in violation of 18 U.S.C. Sec. 922(g)(1) (1988).
 
 
 4
 On March 5, 1992, pursuant to a written plea agreement, Snipes pled guilty to counts one and two of the indictment, and count three was dismissed. The plea agreement also contained a provision in which Snipes agreed to provide information and testimony to the Government regarding criminal activity within his knowledge, and the Government agreed to "make known to the Court the extent of [Snipes's] cooperation at the time of the sentencing.... " (J.A. at 8.) The sentencing hearing was held on May 21, 1992, and Snipes was sentenced to 320 months imprisonment on count one and a consecutive sentence of 60 months imprisonment on count two. The court also imposed an eight-year term of supervised release. Snipes filed a timely notice of appeal.
 
 II.
 
 5
 Snipes contends that the district court did not properly advise him of the mandatory minimum and maximum sentences he faced as a result of his plea to a violation of 21 U.S.C. 841(a)(1) (1988). Before accepting a guilty plea, the district court must, through colloquy with the defendant, inform him of, and determine that he understands, "the nature of the charge to which the plea is offered, the mandatory minimum penalty ... and the maximum possible penalty ... including the effect of any ... supervised release term." Fed.R.Crim.P. 11(c)(1). Compliance with Rule 11 is evaluated under a harmless error standard, whereby only a violation which affects a defendant's substantial rights necessitates vacation of a conviction pursuant to a plea. United States v. DeFusco, 949 F.2d 114, 117 (4th Cir.1991), cert. denied, 112 S.Ct. 1703 (1992).
 
 
 6
 During the plea proceedings, the court initially stated that the sentencing range for count one was "[n]ot less than five, no more than forty years imprisonment." (J.A. at 19.) Additionally, the court stated that Snipes was subject to "not less than four years supervised release." (J.A. at 19.) At this point, the court allowed Snipes's attorney some time to explain "supervised release" to Snipes. During this time, Ms. Hairston, the Assistant United States Attorney, apprised the court that an information of prior conviction had been filed, so the penalty and supervised release term would be enhanced. She noted that the enhancement was specified in the plea agreement.[2] Thereafter, the district court corrected its initial error through the following colloquy:
 
 
 7
 COURT: All right. Just a minute.
 
 
 8
 MR. CRAVEN [Snipes's attorney]: Ten years to life.
 
 
 9
 MS. HAIRSTON: Yes, sir.
 
 
 10
 COURT: It would be ten years to life, rather than five to forty, because there is an enhancement here. Thank you, Ms. Hairston.
 
 
 11
 ....
 
 
 12
 MS. HAIRSTON: Judge, I'm sorry, I hate to interrupt again. But because of the enhancement, the supervised release period will double, also.
 
 
 13
 COURT: That's eight years?
 
 
 14
 MS. HAIRSTON: Yes, sir.
 
 
 15
 COURT: Okay. I'm sorry. I stand corrected. Because there is an enhancement, it would be no less than eight years. Do you understand that?
 
 
 16
 [SNIPES]: Yes, sir.
 
 
 17
 (J.A. at 20-21.)
 
 
 18
 "The manner of ensuring that the defendant is properly informed is committed to the good judgment of the district court...." United States v. Reckmeyer, 786 F.2d 1216, 1221 (4th Cir.), cert. denied, 479 U.S. 850 (1986). Here, the court care fully followed the requirements of Rule 11. For instance, the court instructed Snipes's attorney to explain "supervised release" to Snipes before it proceeded. Although the court initially stated an inaccurate sentencing range for count one of the indictment, the mistake was immediately corrected in open court, in the presence of Snipes. Snipes's attorney was aware of the proper sentencing range as evidenced by his prompt correction of the court's error. Moreover, the correct sentencing range was in the written plea agreement. Snipes was forty-one years of age with a high school education and several years of technical school training, and he acknowledged at the plea proceeding that he had read, understood, and signed the plea agreement. (J.A at 15.) See DeFusco, 949 F.2d at 117 (explaining that a court may examine the terms of a written plea agreement when attempting to comply with Rule 11). As a result, there was no error in the Rule 11 proceeding, and even if the court's initial misstatement could be viewed as error, it was harmless.
 
 III.
 
 19
 Snipes also contends that his conviction should be reversed because the Government violated its express agreement to advise the district court of the nature and extent of his cooperation.[3] The plea agreement contained a provision which required the Government to "make known to the Court the extent of the defendant's cooperation at the time of the sentencing...." (J.A. at 8.) Snipes claims that he cooperated and provided the Government with valuable information, but that the Government failed to inform the district court of the extent and value of his cooperation at the sentencing hearing. He argues that since the Government breached the plea agreement, his conviction should be reversed. We find that the Government fulfilled its duty to inform the court that Snipes was cooperative, and that a determination of the extent of Snipes's cooperation was consensually deferred until the information he provided could be evaluated and a Rule 35(b) motion could be filed.
 
 
 20
 A review of the record reveals that the Government did provide the court with some indication of Snipes's cooperation. During the sentencing hearing, Ms. Hairston, the Assistant United States Attorney, acknowledged that the Government had been given a proffer.[4] However, she stated that the Government had to "pass this information on to the proper agency" and begin an investigation before it could determine its value. (J.A. at 38.) The Government admittedly informed the court of Snipes's cooperation in an obscure manner, but this was necessary to protect the identities of those mentioned in the proffer. Even defense counsel recognized that "this is the sort of thing that can't be talked about in open court, particularly with some of the people that are here today." (J.A. at 37.) Because it opposed a continuance, the Government volunteered that it would approve a Rule 35(b) motion for Snipes if the information Snipes provided could be used in a "trial or plea, or whatever."[5] (J.A. at 38.) Defense counsel conceded that a Rule 35(b) motion would "do the trick" and that the matter would likely be resolved within a year. (J.A. at 37.) Also, although the Government did not make a specific recommendation concerning Snipes's sentence, the district court was informed that it did "not object to a low-end sentence ... in light of the statements that were made." (J.A. at 47.)
 
 
 21
 Moreover, Snipes will suffer no prejudice as a result of the delay in assessing the value of his proffer and a subsequent Rule 35(b) motion for a reduction in sentence based upon substantial assistance. Snipes was subject to a sentencing range of 292 to 365 months' imprisonment on count one under the Sentencing Guidelines, based upon the offense level and his criminal history. He was sentenced to 320 months in prison on count one and to a consecutive mandatory five-year term on count two. Thus, it is implausible for Snipes to argue that a departure would result in a sentence of less than the time he will have to serve prior to the Rule 35(b) motion being made and ruled upon. Because we find that the district court was adequately informed of the situation and that Snipes will suffer no prejudice by a subsequent Rule 35(b) motion, there is no reversible error.
 
 IV.
 
 22
 The district court did not abuse its discretion in failing to permit Snipes to withdraw his guilty plea. See United States v. Lambey, 974 F.2d 1389, 1393 (4th Cir.1992). A defendant does not have an absolute right to withdraw his plea, United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 112 S.Ct. 171 (1991), but "[i]f a motion for withdrawal of a plea of guilty ... is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." Fed.R.Crim.P. 32(d). Here, Snipes never made a motion to withdraw his guilty plea. Moreover, Snipes fails to present a "fair and just reason" to support a withdrawal of the plea. Although Snipes was dissatisfied with the Government's failure to file a substantial assistance motion at the sentencing hearing, he understood that "it wasn't required." (J.A. at 55.)
 
 V.
 
 23
 We find no merit in Snipes's remaining claims of error, and, for the reasons stated herein, we affirm his conviction and sentence.
 
 AFFIRMED
 
 
 [1]
 Snipes also argues that because the United States Sentencing Guidelines redefine for sentencing purposes a state law distinction between a misdemeanor and a felony, the Sentencing Commission exceeded its congressionally authorized power and the power reserved to the states by the Tenth Amendment. Snipes points to no exceptional reasons that persuade us to consider this issue raised for the first time on appeal. United States v. Pinckney, 938 F.2d 519, 522 (4th Cir.1991). See also United States v. Raynor, 939 F.2d 191, 195 (4th Cir.1991) (upholding the classification of a state law offense as a felony for federal sentencing purposes, although state law characterized the offense as a misdemeanor)
 
 
 [2]
 The plea agreement stated, in part, as follows:
 a. The defendant understands that as to Count One he shall be sentenced to a term of imprisonment of not less than ten years, and not more than life, a fine not to exceed $4,000,000, or both. Any sentence imposing a term of imprisonment shall impose a term of supervised release of at least eight years in addition to such term of imprisonment.
 (J.A. at 6.)
 
 
 [3]
 In addition, Snipes contends that the Government acted in bad faith in failing to file a motion for a downward departure based on substantial assistance under U.S.S.G. Sec. 5K1.1. This claim is without merit. Although a court may depart from the Sentencing Guidelines upon a Sec. 5K1.1 motion, nothing in the plea agreement required the Government to file such a motion. See United States v. Raynor, 939 F.2d 191, 195 (4th Cir.1991) (absent an express agreement, it is within the sole discretion of the Government whether to file a motion for a downward departure based on substantial assistance). Moreover, Snipes conceded at the sentencing hearing that the Government was not required to file a substantial assistance motion
 
 
 [4]
 Shortly after Snipes was indicted, he made a proffer of information to the Government. However, although neither party was at fault, the proffer was given to the wrong law enforcement agency and the information was not useful. Then, a few days before the sentencing hearing, Snipes tendered "a new and quite significant proffer." (J.A. at 37.)
 
 
 [5]
 Under Rule 35(b), the Government may make a motion for reduction in sentence within one year of its imposition to reflect a defendant's subsequent substantial assistance. In addition, the Government may make a motion for reduction in sentence one year or more after sentencing to reflect a defendant's substantial assistance involving information not known by the defendant until one year or more after sentencing. Fed. R. Crim P. 35(b). Here, the Government has agreed to file a substantial assistance motion for Snipes if the information he provided is used in a trial or plea of another person, even though the information was known prior to sentencing. Therefore, the Government may not later argue that it is precluded from filing a Rule 35(b) motion for Snipes because Snipes provided the information prior to sentencing