**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                              No. 95-5564

DAVID MASSIE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Lynchburg.
Samuel G. Wilson, District Judge.
(CR-94-128)

Submitted: February 27, 1997

Decided: March 12, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William R. Light, KILLIS T. HOWARD, P.C., Lynchburg, Virginia,
for Appellant. Robert P. Crouch, Jr., United States Attorney, Thomas
J. Bondurant, Assistant United States Attorney; Thomas E. Booth,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

David Massie appeals his conviction for conspiracy to distribute marijuana, 21 U.S.C. § 846 (1994), and his sentence of 262 months imprisonment. He contends that the evidence was insufficient for a conviction and that the district court abused its discretion in admitting evidence that he beat his girlfriend during the conspiracy. With respect to his sentence, he argues that the district court clearly erred in finding that he was responsible for more than 50 kilograms of marijuana and also erred in sentencing him as a career offender. United States Sentencing Commission, Guidelines Manual §§ 2D1.1, 4B1.1 (Nov. 1994). We affirm.

Viewed in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 80 (1942), the government's evidence showed that Massie conspired with Wendell Wood in the late 1980's and early 1990's to buy marijuana in Texas and transport it to Virginia. Co-conspirator Michael Ramsey bought the marijuana with money which he received directly from Wood or one of Wood's close associates. When Ramsey returned to Virginia with the marijuana, he delivered it to one of Wood's friends, such as Cecil Rucker, who in turn made deliveries to various people including Massie. Ramsey usually bought about 100 pounds of marijuana on each trip. However, on one trip, he bought about 300 pounds of marijuana, paying between $250,000 to $300,000. The money was supplied by Wood and Massie. That marijuana purchase was split into two loads for the return trip. Massie's brother was one of the drivers. He was arrested in Tennessee with 200 pounds of marijuana.

Ramsey, Rucker, and others involved in the conspiracy testified at the joint trial of Massie and Wood. Ramsey testified that Massie sold a large part of the marijuana brought in from Texas. Shirley Ann Jackson, Massie's ex-girlfriend, testified that, at some point while she

2

was living with Massie in the fall and early winter of 1991-92, she saw him receive a delivery of 100 pounds of marijuana. She said that Massie always kept marijuana on hand for personal use and had frequent visitors with whom he dealt behind closed doors because, he told her, it would be safer if she did not know what was going on. A conviction must be sustained if there is substantial evidence to support it. Id. We have no difficulty in finding that there was sufficient evidence for a reasonable jury to convict Massie of participation in the conspiracy.

Massie argues that district court abused its discretion in permitting testimony about his beating of Shirley Ann Jackson in January 1992 because it was evidence of a bad act unrelated to the conspiracy which should have been excluded under Fed. R. Crim. P. 404(b). He also argues that this evidence was more prejudicial than probative. Fed. R. Crim. P. 403. Rule 404(b) provides that evidence of bad acts unrelated to the charged offense are not admissible to prove the defendant's bad character and thereby suggest that the defendant is guilty of the charged offense. Such evidence is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. However, acts intrinsic to the crime charged are not excluded under Rule 404(b). Acts are intrinsic to the charged offense if they are inextricably intertwined with it, if they are part of a single criminal incident, or if the other acts are preliminary to it. United States v. Chin, 83 F.3d 83, 87-88 (4th Cir. 1996).

Here, Jackson's testimony disclosed that the worst part of the beating occurred after she tried to call the police because Massie was afraid they would discover his marijuana. She said Massie tied her up, then called Ramsey and asked him to come and get 75 pounds of marijuana which were stored in the attic. Consequently, the beating was intertwined with the drug offense and testimony about it was properly admitted. See also United States v. Kennedy, 32 F.3d 876, 885-86 (4th Cir. 1994) (Rule 404(b) not applicable to evidence necessary to complete story of charged offense). Moreover, Jackson's testimony about the beating was more probative than prejudicial because it corroborated Ramsey's testimony that he once removed two garbage bags from Massie's attic while Massie was sitting on top of a woman with duct tape around her head.

3

The evidence bears out the district court's finding that Massie was responsible for more than 50 kilograms of marijuana (approximately 110 pounds). We also find that the district court correctly sentenced him as a career offender. Under USSG § 4B1.1, a defendant who is over eighteen, is involved in drug offense, and has two prior convictions for a controlled substance offense is a career offender and receives an enhanced sentence. Massie argues that his prior Virginia convictions for conspiracy with intent to distribute marijuana and possession of marijuana with intent to distribute were not controlled substance offenses as defined in USSG § 4B1.2* because marijuana is not classified as a controlled substance in the Virginia statutes. Instead, it is penalized by a separate statute which went into effect on July 1, 1980. See Va. Code Ann. § 2-248.1 (Michie 1996). One of Massie's prior convictions predated the change in the Virginia law and was without doubt a controlled substance offense. The other was properly counted as well because Virginia merely changed its method of controlling marijuana. Cf. United States v. Pinckney, 938 F.2d 519, 522 (4th Cir. 1991) (holding that federal definition of a felony adopted by the Sentencing Commission controls where charge of possession with intent to distribute marijuana was a misdemeanor under state law).

Massie's final argument, that the Sentencing Commission exceeded its statutory authority under 28 U.S.C. § 994(h) (1994) when it included conspiracy as a predicate offense for career offender status, has been considered and rejected by this and other circuits. See United States v. Morsley, 64 F.3d 907, 915 n.6 (4th Cir. 1995), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3467 (U.S. Jan. 8, 1996) (No. 95-6942).

The conviction and sentence are therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

*The guideline defines a controlled substance offense as "an offense under federal or state law prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance. . . ." USSG § 4B1.2(2).

4