UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MICHAEL BARRY, a/k/a Michael
Berryman,

*Defendant-Appellant.*

No. 01-4893

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-00-493)

Submitted: April 30, 2002

Decided: May 17, 2002

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Anton J.S. Keating, Baltimore, Maryland, for Appellant. Thomas M.
DiBiagio, United States Attorney, Angela R. White, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Barry appeals his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). Barry appeals the district court's order denying his motion to suppress evidence of his possession of a firearm. He also challenges the court's denial of his request for a downward departure. Finding no error, we affirm.

Barry contends that the officers did not have reasonable suspicion to stop him, and therefore the discovery of the gun was in violation of the Fourth Amendment. We have reviewed the record on appeal and the parties' briefs and find no reversible error on this issue. *See United States v. Sokolow*, 490 U.S. 1, 9 (1989) (holding that the determination of reasonable suspicion takes into account the totality of the circumstances).

Barry also claims that the district court erred in finding that it had no power to grant a downward departure. Barry asserts that the district court had the authority to depart if it agreed that his armed career criminal designation and corresponding criminal history category overstated the seriousness of his criminal background. *United States v. Pinckney*, 938 F.2d 519, 520-21 (4th Cir. 1991).

*Pinckney* involves a defendant's career offender status imposed under *U.S. Sentencing Guidelines Manual* § 4B1.1. When a defendant receives career offender status under § 4B1.1, the district court is permitted to grant a downward departure under USSG § 4A1.3, p.s. *Pinckney*, 938 F.2d at 521. Here, Barry was subject to a statutory minimum sentence of 180 months under 18 U.S.C.A. § 924(e)(1) (West 2000), the Armed Career Criminal Act. The Guidelines state that a sentence may be imposed at any point in the guideline range provided that the sentence is not less than the statutory minimum. USSG § 5G1.1(c)(2). Therefore the court did not err in imposing the mandatory minimum sentence and refusing to grant a downward departure.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*