**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

ALBERT LYSAITH, a/k/a Roger,
          *Defendant-Appellant.*

No. 01-4911

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Catherine C. Blake, District Judge.
(CR-01-197-CCB)

Submitted: September 30, 2002

Decided: October 16, 2002

Before LUTTIG, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Samuel C. Hamilton, Silver Spring, Maryland, for Appellant. Barbara Slaymaker Sale, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Albert Lysaith was convicted following a bench trial of six counts of distributing crack cocaine, 21 U.S.C. § 841(a) (2000), and sentenced to sixty-three months imprisonment on each count, to run concurrently, followed by three years of supervised release. Lysaith's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal but raising several potential issues. Lysaith has filed a pro se supplemental brief in which he contends that his conviction and sentence violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000). For the reasons that follow, we affirm.

Lysaith first claims that the district court erred in admitting certain statements made by Andrew Flood, the Government's cooperating witness. The Government's evidence consisted primarily of controlled purchases of crack cocaine from Lysaith by Flood. During Flood's testimony, he stated, over Lysaith's objection, that another person, Chris Dulaney, had told Flood that Dulaney had purchased crack from Lysaith. Lysaith contends that the statements do not qualify under the co-conspirator exception to the hearsay rule because the district court explicitly found that the Government failed to prove the existence of a conspiracy.

A statement is not hearsay, and thus is admissible, if it is offered against a party and is made by a co-conspirator of the party during the course and in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E). The burden is on the government, as the proponent of the material, to prove the above elements by a preponderance of the evidence as a prerequisite to admission. *United States v. Neal*, 78 F.3d 901, 905 (4th Cir. 1996).

We find that Lysaith's argument fails because the burden of proof for admission of testimony under Rule 801(d)(2)(E) is a mere preponderance rather than the higher standard—beyond a reasonable doubt —that would apply in order to convict him of the conspiracy count. Even assuming that the district court erred in admitting Flood's statements, its ruling is subject to a harmless error analysis under Fed. R.

Crim. P. 52(a). *United States v. Brooks*, 111 F.3d 365, 371 (4th Cir. 1997). Given the evidence presented by the Government as to the controlled purchases of crack cocaine, we find any error in admitting the hearsay statements to be harmless.

Next, Lysaith claims that the district court erred in allowing Flood's testimony regarding other crack purchases he and Dulaney had made from Lysaith that were not charged in the indictment. *See* Fed. R. Evid. 404(b). Because the testimony was relevant to Lysaith's relationship with Flood, the district court's decision to allow it was neither arbitrary nor irrational. *See United States v. McMillon*, 14 F.3d 948, 955 (4th Cir. 1994) (stating that evidence is admissible if it helps explain how the illegal relationship between the participants developed).

Third, Lysaith challenges the district court's decision to allow an audiotape of conversations between Flood and Lysaith to be played, even though the tape recorded only Flood's voice. However, Flood testified as to Lysaith's part of the conversations and Lysaith was able to cross-examine Flood regarding this testimony. Accordingly, Lysaith cannot show that he was prejudiced by the omission of his voice on the recordings.

Fourth, Lysaith challenges the testimony of the Government's expert witness who testified that the substance involved was crack cocaine. The Government presented the testimony of Sarah Chenoweth, a forensic chemist with the Prince George's County Police Department Drug Analysis Laboratory. Chenoweth testified that she received a bachelor's degree in chemistry, completed a five-month training course with the County Police Department, and attended training programs run by the Drug Enforcement Agency. Lysaith objected to her qualification as an expert on the grounds that she did not have any specific course work in the analysis of controlled substances.

Rule 702, Fed. R. Evid., authorizes the presentation of expert opinion testimony in cases in which "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. The district court's decision to accept or reject the qualifications of an expert is reviewed

for abuse of discretion. *United States v. Powers*, 59 F.3d 1460, 1470-71 (4th Cir. 1995); *United States v. Harris*, 995 F.2d 532, 534 (4th Cir. 1993).

Chenoweth testified that, in addition to her academic training in chemistry, she had conducted 600 analyses of substances for the Prince George's County Police Department and had been called as an expert witness 22 times. In light of Chenoweth's training and education, we find that the district court's decision to qualify her as an expert was not an abuse of its discretion.

Finally, Lysaith contends that the district court erred in denying his motion for judgment of acquittal because the Government failed to establish an effect on interstate commerce. This court has held that Congress found that the distribution and possession of controlled substances have a substantial and direct effect upon interstate commerce. *United States v. Leshuk*, 65 F.3d 1105, 1112 (4th Cir. 1995). A conviction under 21 U.S.C. § 841(a) does not require individualized proof that the crime substantially affected interstate commerce. *United States v. Lane*, 883 F.2d 1484, 1492 (10th Cir. 1989). Therefore, this claim is without merit.

In his supplemental pro se brief, Lysaith contends that his sentence was imposed in violation of *Apprendi* because no drug quantity was alleged in the indictment. Because Lysaith did not object to or raise this issue below, review is for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Pinckney*, 938 F.2d 519, 522 (4th Cir. 1991).

The district court did not commit plain error. Lysaith's sentence of 63 months imprisonment does not exceed the statutory maximum of 240 months set forth in § 841(a). Thus, his sentence does not implicate *Apprendi*. *See United States v. Kinter*, 235 F.3d 192, 199-202 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001) (holding *Apprendi* is not implicated by an application of the Sentencing Guidelines that increases the sentencing range, so long as the sentence imposed does not exceed the statutory maximum). Moreover, because Lysaith's sentence does not exceed the maximum allowed by the Guidelines or statute, this court lacks the authority to review the sentence. *United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990) (finding a challenge to court's exercise of discretion in setting a sentence within a

properly calculated guidelines range not reviewable on appeal). Therefore, Lysaith's claim is meritless.

In accordance with *Anders*, we have reviewed the entire record and find no meritorious issues for appeal. We therefore affirm Lysaith's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*