UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

JAMES RICHARD LOVING,
  *Defendant-Appellant.*

No. 02-4226

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, Chief District Judge.
(CR-01-177)

Submitted: October 16, 2002

Decided: November 7, 2002

Before WILKINS, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Edward M. Hall, HAYES & HALL, P.L.C., Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

James Richard Loving appeals from his conviction and 151-month sentence for distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). We affirm.

Loving's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), addressing three issues: (1) whether the district court erred by accepting his guilty plea without ensuring that the guilty plea was knowingly and voluntarily entered; (2) whether the district court lacked jurisdiction to accept his guilty plea because the drug amounts were not charged in the offense of conviction; and (3) whether the district court erred in attributing quantities of drugs to Loving as relevant conduct when the quantities were not proven beyond a reasonable doubt.

Loving filed a pro se supplemental brief claiming counsel misled him regarding what issues he would appeal, instead filing an *Anders* brief. Furthermore, he apparently claims that his guilty plea was obtained via duress and threats and that his guilt was not supported by the preponderance of the evidence.

Because Loving did not seek to withdraw his guilty plea in the district court, we review his Rule 11 plea hearing for plain error. *United States v. Martinez*, 277 F.3d 517, 524, 527 (4th Cir. 2002). Having reviewed the Rule 11 transcript, we find no basis for finding Loving's plea involuntary. To the extent that Loving asserts he was coerced and threatened, his claims are unsupported by the record. Furthermore, there is an adequate factual basis for the plea.

Loving contends his sentence was imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because no drug quantity was alleged in the indictment. The district court did not commit plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Pinckney*, 938 F.2d 519, 522 (4th Cir. 1991). Loving's sentence of 151 months' imprisonment does not exceed the statutory maximum of 240 months set forth in § 841. Thus, his sentence does not implicate *Apprendi. See*

*United States v. Kinter*, 235 F.3d 192, 199-202 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001). Loving's contention that the district court erred in attributing quantities of cocaine to him as relevant conduct when the quantities were not proven beyond a reasonable doubt also fails because his sentence does not exceed the statutory maximum.

Next, we reject Loving's claim of ineffective assistance of counsel as the record fails to conclusively demonstrate such ineffective assistance, and such claims should therefore be asserted in a 28 U.S.C. § 2255 (2000) motion. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Loving's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*